UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION -- LEXINGTON

| | |
|---|---|
| JASON HOWARD,<br><br>    **Plaintiff,**<br><br>V.<br><br>PEARL INTERACTIVE NETWORK, INCORPORATED, ROBERT T. SCULLY, MERRY KORN and DIANE SCHRIMPF<br><br>    **Defendant.** | CIVIL ACTION NO. 5:16-362-KKC<br><br><br><u>OPINION AND ORDER</u> |

  This matter is before the Court on the plaintiff's motion (DE 8) requesting that the undersigned recuse from this matter. For the following reasons, the motion will be denied.

  The undersigned's stepson is employed as a non-equity partner at the Frankfort, Kentucky office of Dinsmore & Shohl, LLP. He is not, however, involved in this particular action. Catherine Wright and Travers Manley, who work at the firm's Lexington, Kentucky office, are counsel of record for three of the defendants in this matter.

  The plaintiff argues that recusal is required under 28 U.S.C. § 455(b)(5)(ii), which requires that a judge disqualify herself when "a person within the third degree of relationship" to the judge is acting as a lawyer in the proceeding. The same statute requires a judge's recusal when "a person within the third degree of relationship . . . is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding." The statute is substantively identical to Canon 3(C)(1) of the Code of Conduct for United States Judges, which defines a third degree of relationship as including the judge's child.

Advisory Opinion No. 58 of the United States Committee on Codes of Conduct provides that, "[i]f the relative is an associate or non-equity partner and has not participated in the preparation or presentation of the case before the judge, and the relative's compensation is in no manner dependent upon the result of the case, recusal is not mandated." The opinion defines a non-equity partner as "one who receives a fixed salary, is not entitled to share in the firm's profits, and has no interest in the firm's client list or goodwill." A non-equity partner's financial interest in the outcome of a particular case is indirect and similar to that of an associate. *In re Mercedes-Benz Antitrust Litig.*, 226 F. Supp. 2d 552, 556 (D.N.J. 2002). "Courts have consistently held that a judge's kin does not have an 'interest that could be substantially affected' when he or she is only an associate, as opposed to a partner, in a law firm representing a party to the action and does not actively participate in the proceeding." *Cloverdale Equip. Co. v. Manitowoc Eng'g Co.*, 964 F. Supp. 1152, 1155 (E.D. Mich. 1997), *aff'd*, 149 F.3d 1182 (6th Cir. 1998).

Because the undersigned's stepson is a non-equity partner in Dinsmore & Shohl LLP and there is no allegation that he has participated in this case in any manner or that his compensation is any manner dependent upon the result of the case, the undersigned does not find that recusal is warranted here.

Canon C(3)(1) and Section 455 also require recusal in "any proceeding in which [the judge's] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The undersigned is not aware of any circumstances that would raise reasonable questions about her impartiality in this case.

2

For all these reasons, the Court hereby ORDERS that the motion for recusal (DE 8) is DENIED.

Dated December 22, 2016.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY